UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAN JACKSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SUFFOLK UNIVERSITY,<br><br>Defendant. | Case No. 1:23-CV-10019-DJC |
| SUSANNAH SMITH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SUFFOLK UNIVERSITY,<br><br>Defendant. | Case No. 1:23-CV-10261-DJC |

# [~~PROPOSED~~] ORDER CONSOLIDATING ACTIONS, APPOINTING CO-LEAD INTERIM CLASS COUNSEL, AND SETTING A BRIEFING SCHEDULE

THIS MATTER, having come before the Court by the Plaintiffs in the above-captioned cases by their Unopposed Motion for Consolidation Pursuant to FED. R. CIV. P. 42 and Appointment of Co-Lead Interim Class Counsel Pursuant to FED. R. CIV. P. 23(g), and supporting materials, and the Court having read the papers, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1.  The Court hereby consolidates *Jackson v. Suffolk University*, 1:23-CV-10019 (the "Jackson Action") and *Smith v. Suffolk University*, 1:23-CV-10261 (the "Smith Action")

1

(collectively, the "Class Actions"), as well as any future related actions (collectively the "Related Actions"), under the docket number of this, first filed case: 1:23-cv-10019-DJC (the "Consolidated Action").

2.  All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

3.  The Court hereby appoints Nicholas A. Colella of Lynch Carpenter LLP and Kevin Laukaitis of Laukaitis Law Firm LLC as Co-Lead Interim Class Counsel to act on behalf of the Plaintiffs in the Consolidated Action, and the putative Class, with the responsibilities set forth below:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pre-certification proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative Class consistent with the requirements of the Federal Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

   e. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

   f. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

    g. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

    h. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

    i. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel *via* the Court's electronic filing system);

    j. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation; and

    k. Make available to other Plaintiffs' counsel documents produced by the Defendant.

4. Co-Lead Interim Class Counsel shall have the authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiffs unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Co-Lead Interim Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

5. The Court hereby appoints Jason Leviton of Block & Leviton as Interim Liaison Counsel for Plaintiffs. Interim Liaison Counsel is responsible for performing the duties and responsibilities described in the MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004), including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or Interim Co-Lead Counsel. The Court also orders the following:

    a) Interim Liaison Counsel is authorized to: (i) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (ii) prepare and transmit copies of such orders and notices on

        Plaintiffs' behalf; and (iii) receive orders and notices from the District of Massachusetts, if any;

    b) Interim Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel on request;

    c) Interim Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list; and

    d) Interim Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Interim Lead Counsel or as ordered by the Court.

6. Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to any action filed in, transferred to, or removed to this Court that relates to the subject matter at issue in this case.

7. The Court shall enter a Case Management Order as soon as practicably possible.

8. Plaintiffs in the Consolidated Action shall file an operative, consolidated complaint within fourteen (14) days of this Order.

9. Defendant shall have forty-five (45) days from the date on which Plaintiffs file the consolidated complaint to file a responsive pleading thereto.

10. In the event that Defendant's response is a motion to dismiss, Plaintiffs shall have thirty (30) days to file their opposition thereto, and Defendant shall have twenty-one (21) days to file its reply.

**SO ORDERED.**

DATED: March 7, 2023

*/s/ Denise J. Casper*
HON. DENISE J. CASPER, U.S.D.J.