UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAN JACKSON and SUSANNAH SMITH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SUFFOLK UNIVERSITY, <br><br> Defendant. | Case No. 1:23-CV-10019 <br><br> **Honorable Judge Denise J. Casper** |

**DECLARATION OF NICHOLAS A. COLELLA IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

I, Nicholas A. Colella, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am an attorney with the law firm Lynch Carpenter LLP, and have been appointed as Co-Lead Interim Class Counsel alongside Kevin Laukaitis of Laukaitis Law LLC, and with Jason Leviton of Block & Leviton LLP as Interim Liaison Counsel. I submit this Declaration in connection with Plaintiffs' motion for preliminary approval of the proposed class action settlement with Suffolk University ("Suffolk").

2.      Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement with Suffolk dated November 9, 2023 (the "Settlement Agreement"). Unless otherwise noted, capitalized terms not defined herein have the same meaning as defined in the Settlement Agreement.

3.      Attached to the Settlement Agreement as Exhibit A is a true and correct copy of the Claim Form.

4.      Attached to the Settlement Agreement as Exhibit B is a true and correct copy of the proposed short form notice.

1

5.      Attached to the Settlement Agreement as Exhibit C is a true and correct copy of the proposed long form notice.

6.      Attached as Exhibit 2 is a true and correct copy of the Declaration of Jessie T. Montague Regarding Notice Plan and Administration, dated November 6, 2023.

7.      Attached hereto as Exhibit 3 is a true and correct copy of Lynch Carpenter's firm resume.

8.      Attached hereto as Exhibit 4 is a true and correct copy of Laukaitis Law's firm resume.

9.      Attached hereto as Exhibit 5 is a true and correct copy of Block & Leviton LLP's firm resume.

**Background.**

10.     Suffolk is a private university that offers bachelor's, master's, and doctoral degree programs in its Law School, College of Arts & Sciences, and Sawyer Business School.

11.     On or about November 30, 2022, Suffolk notified impacted individuals that it had identified suspicious activity involving student data. The notice stated that an investigation had found that an unauthorized third party gained access to some of Suffolk's students' personal information, including names, Social Security Numbers, Driver's License numbers, state identification numbers, financial account information, and protected health information (the "Data Breach").

12.     Plaintiff Megan Jackson ("Jackson") filed the first complaint against Suffolk following the November 30, 2022 notice of the Data Breach on January 4, 2023. *See Jackson v. Suffolk University*, Case No. 1:23-cv-10019 (D. Mass.), Complaint, ECF No. 1. In this complaint, Plaintiff Jackson alleged that Suffolk violated the common law by failing to use

reasonable security measures to protect his personal information, along with that of other similarly situated Class Members. ECF No. 1.[1]

13.     On January 31, 2023, Plaintiff Susannah Smith ("Smith") filed a lawsuit against Suffolk asserting similar claims as Plaintiff Jackson arising from the same Data Breach. *See Smith v. Suffolk University*, Case No. 1:23-cv-10261 (D. Mass.), Complaint ECF No. 1.

14.     Counsel for Plaintiff Jackson and Plaintiff Smith, and Suffolk, subsequently met-and-conferred and agreed that it would serve the interest of judicial efficiency, avoid unnecessary costs, and duplication of effort, among other things, if the claims asserted against Suffolk by the Plaintiff Smith were to proceed before this Court with those of Plaintiff Jackson.

15.     Plaintiffs moved for consolidation and appointment of interim lead counsel on March 3, 2023 (ECF Nos. 11, 16), which this Court granted on March 8, 2023 (ECF No. 18).

16.     Plaintiffs filed the Consolidated Class Action Complaint ("CAC") on March 21, 2023. *See* ECF No. 24. The CAC incorporated Plaintiff Jackson's claims, along with those of Plaintiff Smith. The CAC alleged claims for negligence, negligence *per se*, violations of the Massachusetts Right to Privacy, Mass. Gen. Laws Ch. 214, § 1B, and declaratory judgment by failing to use reasonable security measures to protect Plaintiffs' personal information, along with that of other similarly situated Class Members. See CAC, ECF No. 24, at ¶¶ 85-125.

**Settlement Negotiations.**

17.     During the meet and confer regarding consolidation, the Parties began discussing the potential for a resolution of this Action. Following initial discussions, in April 2023, the Parties decided they would attempt to mediate their dispute. To facilitate these discussions, the

---

[1] Unless otherwise noted, all docket citations are to the docket in this Action.

Parties agreed to stay the proceedings. *See* ECF No. 26. The Court granted this stay on May 4,

2023. *See* ECF No. 27.

> 18.     The parties each proposed several potential mediators, ultimately agreeing on the

selection of the Honorable Thomas R. Allen (Ret.), of ADR Systems. Judge Allen is a skilled

mediator with significant class action experience.

> 19.     In preparation for the mediation, the Parties informally exchanged information

necessary to determine the strengths, weaknesses, and value of the Action. Plaintiffs' Co-Lead

Interim Class Counsel also conducted an investigation into the Data Breach, including

interviewing potentially impacted individuals, and analyzing public disclosures and reports

concerning the Data Breach.

> 20.     After submitting mediation statements, on May 24, 2023, the Parties engaged in a

mediation with Judge Allen. After hard-fought negotiations during the May 24, 2023 mediation,

the Parties ended the mediation to conduct further research, but did not reach a total impasse.

Arms-length negotiations continued in good faith throughout the following weeks and months

through a series of offers and counteroffers, as well as additional information and legal position

exchanges. The Parties finally reached an agreement in principle on the proposed Settlement on

September 7, 2023.

> 21.     The Parties negotiated attorneys' fees and costs, as well as Service Awards, after

the substantive terms of the settlement were agreed upon.

> 22.     On September 8, 2023, Plaintiffs and Suffolk informed the Court that they had

reached an agreement in principle to resolve this Action and requested that the Court continue to

stay the case for 45 days while they negotiated the Settlement Agreement. See ECF No. 32. The

Parties later jointly sought, and the Court granted, an extension of the stay until November 6,

2023 to provide the Parties time to finalize the Settlement Agreement and motion for preliminary

approval of the Settlement under Fed. R. Civ. P. 23. See ECF Nos. 34-35. The Parties executed

the Settlement Agreement on November 9, 2023.

23.     Plaintiffs and Plaintiffs' Co-Counsel were well-informed regarding the strengths

and weaknesses of Plaintiffs' claims before reaching the Settlement. At all times while

negotiating and executing the proposed Settlement with Suffolk, Plaintiffs' Co-Counsel,

including my firm and I, were experienced in prosecuting class action cases, including those

involving data breach and consumer privacy claims. *See* Exhibits 3-5. Prior to reaching the

Settlement, Plaintiffs also had the benefit of information exchanged during the mediation process

and developed from Plaintiffs' Co-Lead Interim Class Counsel's investigations and analysis.

24.     The Settlement involves a structure and terms that are common in class action

settlements, including a provision that provides Suffolk with a qualified right to terminate the

settlement in the event that the number of Settlement Class Members who timely exercise their

right to request exclusion from the Settlement Class exceeds a certain number.

25.     Plaintiffs' Co-Lead Interim Class Counsel have strong reason to believe, based on

public statements about the scope of the Data Breach and information gathered from Suffolk, that

there are approximately 53,000 individuals that fall within the Settlement Class definition.

26.     The settlement provides that eligible Settlement Class Members that file a timely

and valid Claim Form shall be eligible to receive cash payments for Ordinary Losses up to $500,

Extraordinary Losses up to $5,000, lost time up to $75, or an alternative cash payment of $40.

Additionally, the settlement provides that eligible Settlement Class Members may also receive an

additional two-year membership of 1B credit monitoring with at least $1 million in fraud

protection. Finally, the settlement will benefit the Settlement Class by requiring Suffolk to take

certain remedial steps and enhance its security to protect against future data breach incidents.

**Notice Plan.**

27.      The Parties obtained quotes from several settlement administrations, ultimately

choosing RG/2 Claims Administration LLC ("RG/2"). RG/2 developed the proposed notice plan

and forms of Class Notice in coordination with Plaintiffs' Co-Lead Interim Class Counsel. *See*

Exhibit 2. RG/2 has extensive experience in class action administration and designed notice

plans that have been approved in numerous complex class actions. *See e.g.*, *In re: GE/CBPS*

*Data Breach Litigation*, No. 1:20-cv-02903-KPF (S.D.N.Y.).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th

day of November 2023 in Pittsburgh, Pennsylvania.

*/s/ Nicholas A. Colella*
Nicholas A. Colella