UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAN JACKSON and SUSANNAH SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUFFOLK UNIVERSITY,<br><br>Defendant. | Case No. 1:23-cv-10019<br><br>**Honorable Judge Denise J. Casper** |

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF AND APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE

Plaintiffs Megan Jackson and Susannah Smith (collectively "Plaintiffs") on behalf of the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this action against Suffolk University ("Defendant" or "Suffolk") in accordance with the Settlement Agreement and Release entered into on November 9, 2023 (the "Settlement Agreement") between Plaintiffs and Suffolk; the Court having read and considered the memorandum of law in support of this Motion, the Settlement Agreement, accompanying documents, and the record herein; and Plaintiffs and Suffolk (collectively "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this  8th  day of  January 2024  ~~20X~~, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1

1. Unless otherwise defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the settlement contained therein and that it has personal jurisdiction over Plaintiffs, Suffolk, and all Settlement Class Members.

3. The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the settlement and certify the Settlement Class for purposes of judgment.

4. For purposes of the settlement only, the Court conditionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All U.S. residents whose PII was impacted by the Incident, which was announced on or about November 30, 2022.

Excluded from the Settlement Class are: (a) Defendant's officers and directors; (b) any entity in which Defendant has a controlling interest; and (c) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement Classes are members of the judiciary to whom this case is assigned, their families and members of their staff.

5. Subject to final approval of the settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;
   b. There are questions of law or fact common to the Settlement Class;
   c. The claims of Plaintiffs are typical of those of Settlement Class Members;
   d. Plaintiffs and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

e. Common issues predominate over any individual issues affecting Settlement Class Members; and

f. Settlement of the Action on a class action basis is superior to other means of resolving this matter.

6. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the settlement should be given as provided in this Order because the Court will likely be able to approve the settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7. The Court appoints Megan Jackson and Susannah Smith to serve as class representatives for settlement purposes only on behalf of the Settlement Class.

8. The Court appoints Nicholas A. Colella of Lynch Carpenter, LLP and Kevin Laukaitis of Laukaitis Law LLC as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9. The Court appoints RG/2 Claims Administrator LLC as Claims Administrator for purposes of this Settlement.

10. A hearing will be held on a date of the Court's convenience on or after __6/18/24__ at __2:00__ PM (approximately 150 days after entry of this Order) in Courtroom 11, 5th Floor of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Final Approval Hearing"). The foregoing date, time, and place of the Final Approval Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to Settlement Class Members, other than that which may be posted at the Court or on the settlement website at www.SuffolkDataSettlement.com.

11. The Court reserves the right to approve the settlement at or after the Final Approval Hearing with such non-substantive modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12. All proceedings in this Lawsuit as to Suffolk, other than such proceedings as may be necessary to implement the proposed settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

13. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request to opt out or exclude themselves from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the "Released Claims," (used herein as that term is defined in the Settlement Agreement); (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

14. No later than thirty (30) days after entry of this Order ("Notice Completion Deadline"), the Claims Administrator will commence sending copies of the Short Form Notice, in the form (without material variation) of Exhibit B to the Settlement Agreement, by U.S. mail and/or email (where email addresses are available) to Settlement Class Members as described in the proposed notice plan set forth in the Declaration of Jessie T. Montague dated November 6,

2023, attached as Exhibit 2 to the Colella Declaration. The email will provide links to the settlement website (identified below) where Settlement Class Members can access, among other relevant information, the Long Form Notice and Claim Form, in the form (without material variation) of Exhibits A and C to the Settlement Agreement.

15. Beginning no later than the Notice Completion Deadline, the Claims Administrator shall create and maintain a settlement website, www.SuffolkDataSettlement.com , through the end of the Claims Period. The settlement website shall include copies of the Settlement Agreement, this Order, the Long Form Notice and Short Form Notice, the Claim Form, the motion for preliminary approval, and all supporting papers; identify important deadlines; and provide answers to frequently asked questions. The settlement website may be amended as appropriate during the course of the administration. The settlement website shall be searchable on the Internet.

16. The Claims Administrator shall maintain a toll-free telephone system with an option permitting callers to speak to live operators or to leave messages in a voicemail box. The Settlement Administrator shall also maintain an email address and P.O. Box to receive and respond to correspondence from Settlement Class Members.

17. The Court approves in form and substance the notice plan and the forms of Class Notice reflected in the proposed Long Form Notice and Short Form Notice, and the Claim Form attached as Exhibits A-C to the Settlement Agreement. The notice plan and forms of Class Notice (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Lawsuit and of their right to object to or exclude themselves from the proposed settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Final Approval Hearing; and (iv) fully satisfy all applicable requirements of Rule 23

of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws. Non-substantive modifications to the forms of Class Notice may be made without further order of the Court.

18. Any Settlement Class Member who objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, Service Awards, or the Final Judgment and Order, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Final Approval Hearing and present evidence or argument that may be proper and relevant. However, no Settlement Class Member will be heard and no papers submitted by any Settlement Class Member will be considered unless, no later than 60 days from the date the Class Notice is issued, or any other date set by the Court, the Settlement Class Member files with the Court and mails to Class Counsel and Defendant's counsel written objections that include: (a) the title of the case; (b) the objector's name, address, and telephone number; (c) all legal and factual bases for any objection; and (d) copies of any documents that the objector wants the Court to consider. Should the objector wish to appear at the Final Approval Hearing, he or she must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

19. Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraph 18 of this Order must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is

represented by counsel. The right to object to the proposed settlement or to intervene must be exercised individually by the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by the Settlement Class Member's legally authorized representative.

20. Any Settlement Class Member who fails to comply with the requirements for objecting in writing described in paragraphs 18-19 of this Order: (a) shall be deemed to have waived and forfeited any and all rights the Settlement Class Member may have to appear separately and/or to object to the Settlement Agreement; (b) shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement; (c) and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit. Any challenge to the Settlement Agreement, the Final Judgment and Order approving this Settlement Agreement to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

21. Any Settlement Class Member who wishes to opt out of or be excluded from the Settlement Class may do so upon written request. A request for exclusion must be in writing and signed by the Settlement Class Member, and the written request must state the name, address, and phone number of the person seeking exclusion. The written request also must clearly manifest a person's intent to be excluded from the Settlement Class. The request must be mailed to the Claims Administrator at the address provided in the Class Notice no later than 60 days from the date the Class Notice is issued. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not mailed by the deadline will be invalid, and the person submitting the request will remain a Settlement Class Member.

22. The right to be excluded from the proposed settlement must be exercised individually by the Settlement Class Member or by the Settlement Class Member's authorized representative, even if the Settlement Class Member is represented by counsel, and not as a member of a group, class, or subclass, except that a request for exclusion may be submitted by the Settlement Class Member's legally authorized representative. A request for exclusion shall not be effective unless it provides all of the required information in paragraph 21, and is either postmarked or emailed by 60 days from the date the Class Notice is issued.

23. Any Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all proceedings, orders, and judgments in the Lawsuit, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims.

24. Settlement Class Members that submit valid and timely requests for exclusion shall not receive any benefits of and shall not be bound by the terms of the Settlement Agreement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their right to independently pursue any claims they may have against Suffolk.

25. The Claims Administrator shall promptly log each request for exclusion that it receives and provide copies of the log to Class Counsel and Suffolk's Counsel as requested.

26. All Claim Forms shall be submitted by Settlement Class Members to the Claims Administrator as directed in the Class Notice no later than one hundred twenty (120) days after the Notice Date (the "Claims Deadline").

27. To effectuate the Settlement and the notice plan, the Claims Administrator shall be responsible for: (a) providing notification of the proposed settlement to the same population as Defendant's pre-Lawsuit cybersecurity incident notification in a manner mutually agreeable to the

Parties, which may include direct notification through mail and/or e-mail (where e-mail addresses are available), and targeted media publications; (b) creating and hosting a website, publicly accessible through the end of the Claims Period, dedicated to providing information related to this Lawsuit and access to relevant publicly available court documents relating to this Lawsuit, the settlement, and the Settlement Agreement, including the Short Form Notice and Long Form Notice of the settlement, and offering Settlement Class Members the ability to submit claims and supporting documentation for relief; (c) maintaining a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding the Settlement Agreement; (d) processing claims and supporting documentation submissions, and the provision of approved payments to Settlement Class Members; (e) processing requests for exclusion from Settlement Class Members; and (f) providing any other administrative needs outlined by relevant provisions of the Settlement Agreement.

28.   All costs incurred by the Claims Administrator in effectuating the notice plan and administering the settlement shall be borne by Suffolk, pursuant to the Settlement Agreement. Class Counsel shall not, and shall have no authority to, direct the Claim Administrator to take any actions other than as specified in the Settlement Agreement or as ordered by the Court without prior consultation with and approval from Suffolk.

29.   Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Suffolk of the truth of any of the allegations in the Lawsuit, or of any wrongdoing or liability of any kind. All rights of Plaintiffs and Suffolk are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

30. Class Counsel shall file their motion for Class Counsel Payment and Service Awards no later than fourteen (14) days before the Exclusion/Objection Deadline (defined below).

31. Class Counsel shall file their motion for final approval of the settlement no later than fourteen (14) days before the Final Approval Hearing.

32. In the event that the settlement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any requests for exclusion from the settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the status quo ante rights of the Parties.

33. If the settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

34. The Court's preliminary certification of the Settlement Class, the appointment of Plaintiffs as class representatives, and findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Lawsuit, or appoint class representatives, and no person may cite or refer to the Court's preliminary approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

35. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

36. The schedule of events referenced above should occur as follows:

| Event | Date |
|---|---|
| Notice Completion Deadline | No later than thirty (30) days after entry of this Preliminary Approval Order (the "Notice Date") |
| Postmark/Email Deadline for Requests for Exclusion (Opt-Outs) | No later than sixty (60) days after the Notice Date ("Exclusion/Objection Deadline") |
| Filing and Service Deadline for Objections | No later than sixty (60) days after the Notice Date, i.e., the Exclusion/Objection Deadline |
| Motion for Class Counsel Payment and Service Awards to be filed by Class Counsel | No later than fourteen (14) days before the Exclusion/Objection Deadline |
| Claims Deadline | No later than one hundred twenty (120) days after the Notice Date |
| Deadline to file Motion for Final Approval of the Settlement | No later than fourteen (14) days before the Final Approval Hearing |
| Final Approval Hearing | At least one hundred fifty (150) days after entry of the Preliminary Approval Order |

**IT IS SO ORDERED.**

Dated: <u>January 8, 2024</u>

/s/ Denise J. Casper
Hon. Denise J. Casper
United States District Judge