UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAN JACKSON and SUSANNAH SMITH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SUFFOLK UNIVERSITY,<br><br><br>    Defendant. | Case No. 1:23-CV-10019<br><br>**Honorable Judge Denise J. Casper** |

### [PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER OF SETTLEMENT WITH SUFFOLK UNIVERSITY

This matter came before the Court for a duly-noticed hearing on [insert] (the "Final Approval Hearing"), upon Plaintiffs' Motion for Final Approval of the Class Action Settlement with Defendant Suffolk University ("Suffolk"), which was consented to by Suffolk (together with Plaintiffs, the "Parties"). Due and adequate notice of the Settlement Agreement with Suffolk dated November 9, 2023 (the "Settlement Agreement") having been given to Settlement Class Members, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's Order Preliminarily Approving the Proposed Class Action Settlement, Scheduling Hearing for Final Approval Thereof and Approving the Proposed Form and Plan of Class Notice dated January 8, 2024 (the "Preliminary Approval Order"). ECF No. 39. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Federal Rules of Civil Procedure 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(1); (b) common questions of law and fact exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2); (c) Plaintiffs' claims in this litigation are typical of those of Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and (d) Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and Class Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

4. For settlement purposes only, the Court finally certifies the Settlement Class, as defined in the Settlement Agreement as:

All U.S. residents whose PII was impacted by the Incident, which was announced on or before November 30, 2022.

5. The Court appoints Plaintiffs Megan Jackson and Susannah Smith as Class Representatives and finds them to be adequate.

6. The Court appoints Nicholas A. Colella of Lynch Carpenter, LLP and Kevin Laukaitis of Laukaitis Law LLC, as Class Counsel, and finds each of them to be adequate, experienced, and well-versed in class action litigation, including data breach litigation.

7. This Court has personal jurisdiction over Plaintiffs, Suffolk (in this Lawsuit only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Lawsuit to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

8. The Court finds that the Class Notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Lawsuit, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of Class Counsel's application for an award of attorneys' fee and expenses, and of Plaintiffs' application for a Service Award associated with the Lawsuit; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

9. The Court finds that seven (7) Settlement Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. The excluded Settlement Class Members are identified at ECF No. 46. The excluded Settlement Class Members shall have

no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement, and shall be deemed to have excluded themselves from the Lawsuit as against Suffolk.

10. The Court finds that zero (0) timely objections to the proposed Settlement have been submitted.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

12. If the Effective Date does not occur for any reason, the Lawsuit will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Lawsuit as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties'

settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Lawsuit.

13. Plaintiffs, Suffolk, and all Settlement Class Members (except those referenced in paragraph 9 above) are bound by the Settlement Agreement and this Final Judgment and Approval Order.

14. Without affecting the finality of the Final Judgment and Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Judgment and Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement or the Settlement, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Judgment and Approval Order, Plaintiffs, Suffolk, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the District of Massachusetts for any suit, action, proceeding, or dispute arising out of or relating to this Final Judgment and Approval Order or the Settlement Agreement. Any disputes involving Plaintiffs, Suffolk, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

15. As of the Effective Date, the claims of each Settlement Class Member (except those referenced in paragraph 9 above) shall be released pursuant to Section 15 of the Settlement Agreement, regardless of whether the Settlement Class Member submit a claim for benefits.

16. As of the Effective Date, the Settlement Agreement and the Final Judgment and Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Suffolk involving Released Claims(s).

17. As of the Effective Date, the Court permanently bars and enjoins Plaintiffs and all Settlement Class Members except those referenced in paragraph 9 above from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Suffolk or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Suffolk or any of the Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Suffolk or any of the Released Parties based on the Released Claims.

18. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in this action or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its release).

19. The Court finds that, during the course of the Lawsuit, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.

20. The Court hereby confirms the appointment of RG/2 Claims Administration LLC as Claims Administrator.

21. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Claims Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

22. Class Counsel's request for the Class Counsel Payment and Plaintiffs' application for a Service Award shall be the subject of a separate order by the Court.

23. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

24. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

25. In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Approval Order resolves all claims against all Parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Approval Order in this matter.

**SO ORDERED.**  _____
J. Denise J. Casper