

## Motion for Enforcement of Settlement Agreement, Punitive Damages, and Compensation for Actual Harm

**Case Name:** Priscilla A. Williams v. Suffolk University, et al.
**Court:** US District Court, District of Massachusetts
**Case No.:** 1:23-cv-10019
**Plaintiff:** Priscilla A. Williams
**Defendants:** Suffolk University, RG/2 Claims Administration LLC

### Introduction

This motion requests the Court to enforce the settlement agreement in the case of Priscilla A. Williams v. Suffolk University, et al., arising from a 2022 data breach at Suffolk University. The Plaintiff's claim for extraordinary losses under this settlement bears the claim number SFU000002349. This case is not an isolated incident but rather reflects a disturbing pattern of negligence and misconduct by Suffolk University. This Court previously presided over the case against Ashley Ciampa, a former Suffolk University employee convicted of student loan fraud by falsifying student records (United States v. Ciampa, Case No. 1:16-cr-10181). The Ciampa case exposed the university's failure to safeguard student data and prevent unauthorized access, a failure that directly parallels the circumstances of the present case.

The motion seeks full compensation for extraordinary losses as promised in the settlement, punitive damages for the defendants' pattern of misconduct, and compensation for actual harm suffered by the Plaintiff due to the university's negligence and fraudulent activities.

### Background

The Plaintiff, Priscilla A. Williams, is a former student of Suffolk University and a member of the class action settlement arising from a data breach that occurred at the university in 2022. This data breach, while significant, is not an isolated incident but rather a culmination of a long-standing pattern of negligence, misconduct, and disregard for student data security and privacy on the part of Suffolk University.

The Plaintiff's experiences with Suffolk University, dating back to her enrollment in 2000, reveal a consistent failure to uphold its responsibilities to students. This includes inaccuracies in her registrar and bursar records, discrepancies in tuition charges, and the disbursement of loans based on an expired Master Promissory Note (MPN). These issues have led to significant financial harm, including an unlawful lawsuit and judgment against the Plaintiff for a debt she did not owe.

Furthermore, the university failed to disclose the extent of a 2016 fraud conviction involving a student employee who manipulated student records. This incident, along with the ouster of Vice President Margaret McKenna around the same time, raises concerns about potential misconduct and cover-ups within the university.
Despite these ongoing issues, the Plaintiff filed a claim for $5,575.00 in extraordinary losses resulting from the 2022 data breach, seeking compensation for expenses incurred in mitigating the harm caused by the university's negligence under claim number SFU000002349. These expenses included legal consultations, credit monitoring fees, and other costs directly related to the data breach.

Initially, the Plaintiff was informed that her claim was approved for the full amount. However, she received a check for only $575.00. The claims administrator, RG/2 Claims Administration LLC, subsequently denied her claim for extraordinary losses without providing a valid reason or conducting a fair investigation.

### Argument
1. **Breach of Settlement Agreement** The claims administrator's denial of the Plaintiff's claim for extraordinary losses, claim number SFU000002349, constitutes a clear breach of the settlement agreement. The agreement explicitly states that eligible claimants are entitled to compensation for extraordinary losses up to $5,000.00. The Plaintiff provided extensive documentation to support her claim, and the claims administrator initially

approved the full amount, only to later deny it without a valid reason. This denial is a blatant violation of the settlement agreement and warrants the Court's intervention to enforce its terms.

2. **Unfair and Deceptive Practices** The claims administrator's actions, including the inconsistent communication, the lack of justification for the denial, and the premature closure of the Plaintiff's case, constitute unfair and deceptive practices in violation of Massachusetts General Laws Chapter 93A and 176D. These statutes prohibit unfair or deceptive acts or practices in the conduct of any trade or commerce. The claims administrator's conduct in handling the Plaintiff's claim was unfair, deceptive, and misleading, causing her significant financial and emotional harm.

3. **Ongoing Harm** The Plaintiff has suffered ongoing harm due to Suffolk University's actions, including financial losses, emotional distress, and reputational damage. The university's negligence in safeguarding student data led to the data breach and the subsequent identity theft and financial institution fraud. The university's continued attempts to collect on fraudulent loans, despite the Plaintiff's Borrower's Defense to Repayment claim and the class action settlement, have further exacerbated the harm. The Plaintiff is entitled to compensation for this ongoing harm, which has significantly impacted her life and well-being.

4. **Punitive Damages** The pattern of misconduct by Suffolk University, including the data breach, the denial of the Plaintiff's settlement claim, and the ongoing attempts to collect on fraudulent loans, warrants the imposition of punitive damages. Punitive damages are appropriate in cases where the defendant's conduct is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In this case, Suffolk University has demonstrated a reckless indifference to the rights of its students, including the Plaintiff. The university's actions have caused significant harm to the Plaintiff and other students, and punitive damages are necessary to deter future misconduct and protect the rights of students.

5. **Connection to Borrower's Defense** The issues raised in the Plaintiff's claim are directly connected to her Borrower's Defense to Repayment case against Suffolk University. The university's misconduct, including the inaccurate record-keeping, the fraudulent billing practices, and the expired MPN, are all relevant to her Borrower's Defense claim. This connection further demonstrates the university's pattern of disregard for student rights and strengthens the Plaintiff's case for enforcement of the settlement agreement, punitive damages, and compensation for actual harm.

6. **Reputational Harm and Identity Theft** The Plaintiff has suffered significant reputational harm and identity theft as a result of Suffolk University's actions. The university's negligence in safeguarding student data led to the data breach and the subsequent misuse of the Plaintiff's personal information. This has caused her significant distress and has impacted her ability to obtain credit and employment. The Plaintiff is entitled to compensation for this reputational harm and identity theft, which is a direct result of the university's misconduct.

7. **Potential Discrimination and Retaliation** The Plaintiff is concerned about the potential for discrimination and retaliation against her for pursuing legal action and filing complaints against Suffolk University. The university's history of misconduct and the claims administrator's actions in denying her claim raise concerns about potential bias and retaliation. The Plaintiff requests that the Court investigate this issue and take appropriate action to protect her rights and ensure that she is not unfairly disadvantaged for seeking justice.

8. **Attorney Misconduct** In addition to the claims administrator's breach of the settlement agreement, the Plaintiff also alleges professional misconduct by attorney Jessie Montague, who represented RG/2 Claims Administration LLC in this matter. Ms. Montague made false statements, provided misleading information, and failed to engage in good faith negotiations, further demonstrating a disregard for the Plaintiff's rights and the integrity of the settlement process. The Plaintiff requests that the Court consider Ms. Montague's conduct when making a decision on this motion, as it reflects the overall bad faith and disregard for the Plaintiff's rights in this matter.

**Evidence**
The Plaintiff submits the following evidence in support of this motion:
- Email communications with the claims administrator and Jessie Montague, demonstrating their misconduct and bad faith.
- Formal complaint and demand letters sent to the claims administrator.
- Documentation of extraordinary losses, including invoices, credit reports, and other relevant documents.
- Copies of registrar and bursar records, showing the inaccuracies and discrepancies.
- Information related to the 2016 fraud conviction of Ashley Ciampa, highlighting a pattern of negligence and potential data breaches at Suffolk University.
- Information regarding the ouster of Vice President Margaret McKenna, raising concerns about potential misconduct and cover-ups within the university.
- Department of Education disclosures regarding the Plaintiff's expired MPN and other relevant information.
- Court records related to the 2008 lawsuit and any other relevant legal proceedings.

**Conclusion**
For the foregoing reasons, the Plaintiff respectfully requests that the Court grant this motion and order the following relief:
1. **Enforcement of Settlement Agreement:** Order Suffolk University and RG/2 Claims Administration LLC to comply with the terms of the settlement agreement and pay the Plaintiff the full amount of $5,575.00 for her extraordinary losses under claim number SFU000002349.
2. **Punitive Damages:** Impose punitive damages on Suffolk University for its pattern of misconduct, negligence, and reckless disregard for student rights, demonstrated by the evidence presented, including the Ashley Ciampa case and the ongoing breaches of the Borrower's Defense settlement.

**Compensation for Actual Harm:** Award the Plaintiff compensation for the actual harm she has suffered, including financial losses, emotional distress, and reputational damage, stemming from the 2022 data breach and the university's longstanding pattern of misconduct.

**Court Oversight and Investigation:** Order an investigation into the claims settlement process to determine if the settlement administrator violated any terms of the agreement and engaged in bad faith practices.

**Declaration of Identity Theft:** Issue a formal declaration or certification that the Plaintiff was a victim of identity theft and fraud, to be provided to the Department of Education for the rectification of fraudulent loans and the discharge of any outstanding debt.

**Other Relief:** Grant any other relief deemed just and equitable by the Court, including attorney's fees and costs incurred in pursuing this motion.

The Plaintiff has demonstrated a clear and compelling case for the relief requested. The defendants' actions have caused her significant and ongoing harm, and justice demands that they be held accountable. The Plaintiff trusts that the Court will grant this motion and provide her with the comprehensive compensation and redress she deserves.

Respectfully submitted,

*/s/ Priscilla A. Williams*       October 17, 2024
Priscilla A. Williams