*Megan Jackson et al*

*vs*

*Suffolk University*

UNITED STATES
DISTRICT COURT
DISTRICT OF
MASSACHUSETTS

Case No. 1:23-cv-10019

**Priscilla A. Williams Rebuttal to Defendant's Opposition to Motion to Enforce Settlement Agreement**

Dear Honorable Judge Denise Cooper,

I, Priscilla A. Williams, submit this rebuttal to Jessie Montague's respónse and opposition to my federal motion to enforce the settlement agreement in the matter of "Megan Jackson, et al. v. Suffolk University, Case No. 1:23-cv-10019."

**Exhaustion of Appeals Process**
Ms. Montague's statement that I failed to exhaust the appeals process is demonstrably false. I diligently pursued every avenue available to me, both internally within the settlement process and externally through various regulatory agencies, as evidenced by the extensive email correspondence, documentation, and formal complaints submitted to this Court. Despite my efforts, I was explicitly informed by RG/2 that no further recourse was available through their process.

This is clearly illustrated in Ms. Montague's own email on October 1, 2024, where she states: "Your claim was already reviewed on appeal...RG/2 Claims is considering this matter closed. There are no other avenues to receive additional payments in this matter." This definitive statement was made in response to my formal rebuttal and appeal submitted on September 28, 2024, highlighting the inconsistencies and contradictions in their handling of my claim.

To further refute Ms. Montague's inaccurate assertions, I provide the following comprehensive timeline, which is also documented in Exhibit A of my motion:

- **2003-2004:** Enrolled at Suffolk University. Federal student loans originated (allegedly). No records of enrollment, loan documents, or entrance/exit counseling on NSLDS. Official withdrawal date: September 4, 2004. Student account records show discrepancies and loan disbursements after withdrawal.
- **2006:** Loans allegedly defaulted. Loans allegedly refinanced into FFELP consolidation (violation of DOE rules).
- **2008:** Suffolk University and PHEAA reinsured loans with the Department of Education.
- **2009:** Suffolk University took me to court for collections on unenforceable loans. Court granted reduced judgment of $2,000, fully repaid.
- **2012 & 2013:** Loans allegedly defaulted again. Original servicer, ACS, went out of business.
- **2014:** First records appear on NSLDS report.
- **2016:** DOJ prosecuted Suffolk University student and faculty for student loan wire fraud.
- **2019:** Multiple emails to Gilbert Fireman, Suffolk University's General Counsel, regarding student loan discrepancies and requesting corrections under FERPA.
- **2020:** Filed complaint with the FSA Ombudsman about issues with my federal student loans.
- **2021:** Filed complaints with the CFPB against Suffolk University and FedLoan Servicing (PHEAA) regarding fraudulent loans and misrepresentation.
- **2022:** FSA agreed to remove fraudulent tradelines pending investigation. Loan applications were rejected due to the reappearance of fraudulent loans. Incurred $32,849 in refiling costs. Filed DOE OIG complaint. Opened FSA Ombudsman case.
- **2023:** Continued denial of FERPA corrections and disputes. Ongoing issues with credit report due to fraudulent loans.
- **2024:**
  - Refiled a complaint with the Office for Civil Rights (OCR) against Arizona State University (ASU) regarding disability discrimination and retaliation.
  - Emailed Alex Olon about an urgent student loan audit request related to fraud, identity theft, and recordkeeping violations at Suffolk University.
  - Received data breach notice from Suffolk University.
  - **June 6, 2024:** Filed initial claim for $5,575.00 in the data breach settlement.
  - **June 26, 2024:** Received Deficiency Notice (Claim# SFU000002349).
  - **July 1, 2024:** Filed an appeal for $5,075.00.
  - **July 12, 2024:** RG2 responded that my claim had been approved. I inquired about the amount.
  - **July 16, 2024:** Received notification that the claim was approved for $500 and $75, but the extraordinary losses portion was deemed deficient.

- o **July 23, 2024:** Submitted additional documentation.
- o **July 26, 2024:** Provided a detailed breakdown of the $5,000 extraordinary loss figure.
- o **July 29, 2024:** Received final rejection notice for the $5,000 extraordinary loss claim and submitted rebuttal response and appeal request.
- o **July 30, 2024:** RG2/Claims forwards my appeal to counsel for review.
- o **August 6, 2024:** RG2/Claims requests a breakdown of the extraordinary losses claimed. I submit the final breakdown and receive email confirmation.
- o **August 21, 2024:** Received email confirmation that the case had been approved and that payment in full was expected by the end of August.
- o **September 3, 2024:** I inquired about the status of payment.
- o **September 5, 2024:** RG/2 Claims Administration requested my full name, address, and the name of the case.
- o **September 5, 2024:** I provided my claim number (SFU000002349).
- o **September 9, 2024:** I expressed confusion about the appeals process and payment, stating that I had only received $575 and requesting immediate payment.
- o **September 12, 2024:** Received a check for $575.
- o **September 13, 2024:** Emailed the Claims Administrator to inquire about the discrepancy.
- o **September 18, 2024:** Received a response stating that the extraordinary loss claim was denied.
- o **September 20, 2024:** Submitted a formal complaint and dispute demand letter.
- o **September 27, 2024:** Received a response stating that the extraordinary loss claim was denied, and there was no further recourse.
- o **September 28, 2024:** Submitted a formal rebuttal and appeal, highlighting the inconsistencies and contradictions in the claim handling.
- o **October 1, 2024:** Received a response stating that the claim was already reviewed on appeal, and there were no other avenues to receive additional payments.
- o **October 22, 2024:** Filed a formal complaint with the Division of Insurance against RG/2 Claims Administration LLC.

This timeline demonstrates my persistent efforts to resolve these issues, spanning several years and involving multiple agencies and legal actions. It also highlights the repeated negligence and misconduct by Suffolk University and their representatives, including the claims administrator, in addressing my valid claims and concerns.

## Addressing the Opposition's Arguments

I.   **Procedural Defects:** The defense argues that I lack standing to bring this motion because I am not a named plaintiff in a separate case against Suffolk University. This argument mischaracterizes my motion and the Court's authority. My motion is not an independent lawsuit but rather a request for this Court to enforce the existing settlement agreement in *Megan Jackson, et al. v. Suffolk University*, Case No. 1:23-cv-10019, to which I am a class member. This Court has the inherent authority to oversee the implementation of the settlement and ensure its terms are being adhered to by all parties, including the claims administrator.Furthermore, the claims administrator's own actions and communications have necessitated my request for judicial intervention. Despite my repeated attempts to resolve the dispute through the appeals process, I was met with inconsistent and contradictory responses, culminating in Ms. Montague's explicit statement on October 1, 2024, that there was "no further recourse" available to me. This, combined with the claims administrator's blatant misrepresentation of my appeal's status in their August 21, 2024, email, left me with no alternative but to seek the Court's assistance in enforcing the settlement agreement and obtaining the compensation I am rightfully owed. Without the Court's intervention, there is no guarantee that the claims administrator will cease their unfair practices, and it is likely that other class members may face similar issues in obtaining their rightful compensation.

II.   **Failure to Exhaust Appeal Process:** The defense's assertion that I failed to exhaust the appeal process is a blatant misrepresentation. As demonstrated by the comprehensive timeline and email evidence, I diligently pursued every avenue available to me, both within the settlement process and through external agencies. Any perceived deviations from the strict procedures outlined in the settlement agreement were a direct result of the claims administrator's misleading actions and communications. Their failure to provide clear guidance and their contradictory statements regarding the status of my appeals created confusion and ultimately obstructed my ability to effectively navigate the process.

III.     **Invalid Claims for Extraordinary Losses:** The claims administrator's attempt to invalidate my claims for extraordinary losses by arbitrarily focusing on the settlement timeframe is disingenuous and ignores the root cause of my losses. My credit harm, loan rejections, and legal fees stem directly from the fraudulent loans and misrepresentations by Suffolk University, which occurred well before the data breach and settlement period. The data breach exacerbated these existing issues, serving as a trigger for further readily quantifiable financial harm.These losses unequivocally fall under the settlement agreement's provisions for "extraordinary losses," which include monetary losses, professional fees (attorney's fees), and credit repair services. My credit line reductions and legal fees are directly linked to the breach's impact and are therefore valid claims for compensation.Furthermore, the ongoing Borrower's Defense case and the discrepancies in my FSA/NSLDS records, including the false claims of debt and delinquencies, further demonstrate Suffolk University's negligence and misconduct. The inability to produce certified records raises serious concerns about the accuracy and legitimacy of their claims. These actions directly contributed to the extraordinary losses I suffered as a result of the data breach.The claims administrator's assertion that my claims do not "rise to the level of extraordinary expenses" is directly contradicted by their own July 29th, 2024 rejection notice, where they acknowledge the validity of my credit monitoring expenses and other losses. This inconsistency further highlights their arbitrary and capricious denial of my valid claims.

IV.     **Bad Faith Negotiations:** The claims administrator's repeated denials and focus on the settlement timeframe despite the clear connection between my losses and the data breach could be construed as bad faith negotiations. This is a serious issue, and I believe it warrants the Court's attention to ensure that the settlement agreement is enforced fairly and that the defendants are not unjustly enriched by minimizing and denying valid claims.

**Suffolk University's Pattern of Misconduct**
It is crucial to emphasize Suffolk University's broader pattern of negligence and misconduct, which extends beyond the data breach itself. This includes:

- **Prior Fraud Conviction:** Suffolk University has a history of fraudulent activity, demonstrating a disregard for ethical conduct and legal compliance.
- **Ouster of Vice President:** The removal of the Vice President further suggests a pattern of mismanagement and lack of accountability within the institution.
- **Ongoing Issues with Student Records and Loans:** My ongoing struggles to access and correct my student records and resolve issues with my student loans highlight the university's continued negligence and disregard for student rights.
- **Borrower's Defense Case and Discrepancies:** The ongoing Borrower's Defense case and the discrepancies in my FSA/NSLDS records, including the false claims of debt and delinquencies, further demonstrate Suffolk University's negligence and misconduct. The inability to produce certified records raises serious concerns about the accuracy and legitimacy of their claims.

**Potential Discrimination and Retaliation**
I remain concerned about potential discrimination and retaliation by Suffolk University. I have documented instances that could support this claim and will provide them to the court if necessary.

**Attorney Misconduct and Professional Misconduct Allegations**
I also bring to the court's attention the concerning conduct of Ms Montague, which may constitute attorney misconduct and professional misconduct. Her contradictory statements, misrepresentations, and disregard for the evidence suggest a deliberate attempt to obstruct my pursuit of justice and undermine the integrity of the settlement process.

**Division of Insurance Complaint**
I have filed a formal complaint with the Massachusetts Division of Insurance against RG/2 Claims Administration LLC, alleging unfair and deceptive practices in their handling of my claim. This complaint is based on the same evidence and arguments presented in this motion, and I believe it further supports my claims of bad faith and misconduct.

**Conclusion**
I urge the court to meticulously review the evidence presented, particularly Exhibit A, which directly contradicts Ms. Montague's assertions. I have demonstrated that I exhausted all available appeals processes and that my claims for extraordinary losses are valid and supported by documentation. The claims administrator's actions constitute bad faith and unfair practices, and I am entitled to the full compensation I am owed under the terms of the settlement agreement.

I respectfully request that the court grant my motion to enforce the settlement agreement and hold both Suffolk University and the claims administrator accountable for their misconduct. I seek full compensation for my losses, including punitive damages, and any other relief the court deems just and equitable.

Thank you for your attention to this matter.

Sincerely,

*Priscilla A. Williams*

Priscilla A. Williams

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2024, I caused the above document to be physically

filed with the Clerk of the Court and served to movant via email:

Lindsey A. Gil
Peabody & Arnold LLP
600 Atlantic Avenue
Boston, MA 02210
T: 617.951.2004
F: 617.235.3550
lgil@peabodyarnold.com

*Priscilla A. Williams*

/s/ Priscilla A Williams

Priscilla A Williams
131 Seaport Blvd, Apt. 1006
Boston, MA 02210
Priscillaw4@gmail.com