**Motion for Clarification on Denial of Motion to Enforce Settlement and for Declaratory Judgment**

**Case Name:** Jackson et al v. Suffolk University
**Case Number:** 1:23-cv-10019-DJC
**Movant:** Priscilla Williams
**Defendant:** Suffolk University

**To the Honorable Judge Denise J. Casper:**

Movant Priscilla Williams, by and through this Motion, respectfully requests that this Honorable Court provide clarification and reconsideration regarding the denial of her Motion to Enforce Settlement (Docket No. 50), which was denied on November 12, 2024, without any accompanying explanation or legal justification.

**Grounds for Motion**

1. **Lack of Specificity and Due Process Concerns:** The Court's Order denying Movant's Motion to Enforce Settlement lacked specificity, failing to provide any explanation or legal basis for the denial. This lack of clarity hinders Movant's ability to understand the decision and pursue appropriate remedies. It also raises concerns about whether the Court fully considered the merits of Movant's Motion and the evidence presented, potentially impacting her due process rights.

2. **Failure to Ensure Fair Administration of the Settlement:** This Court has a crucial role in ensuring the equitable administration of the settlement agreement. However, the denial fails to address several key issues that undermine this objective:

    a. **Misinterpretation of Settlement Terms:** The claims administrator has misapplied the settlement terms regarding "extraordinary expenses," denying Movant's valid claims for credit harm, loan rejections, and legal fees that directly stem from Suffolk University's fraudulent actions and were exacerbated by the data breach. These losses clearly fall under the agreement's provisions for "extraordinary losses," which explicitly include monetary losses, professional fees (attorney's fees), and credit repair services.Specifically, Movant requests clarification on the following provision from the settlement agreement, which pertains to the definition and eligibility of Extraordinary Expenses:**Section 4(A)(ii) of the Settlement Agreement:**
    "Defendant will provide up to $5,000 in compensation to each Claimant for proven monetary losses, professional fees (e.g., attorneys' fees, accountants' fees), and fees for credit repair services incurred as a result of the Incident, provided:
    (a) The loss is an actual, documented, and unreimbursed monetary loss;
    (b) The loss was more likely than not caused by the Incident;
    (c) The loss occurred between June 25, 2022, and the close of the Claims Period;
    (d) The loss is not already covered by one or more of the normal reimbursement categories; and
    (e) The Claimant made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit-monitoring insurance and identity-theft insurance."Movant's claims for extraordinary expenses, as detailed in her initial motion and supporting documentation, clearly align with these criteria. They are actual, documented, and unreimbursed monetary losses directly resulting from the data breach and Suffolk University's negligence. These losses occurred within the defined claim period and are not covered by other reimbursement categories. Moreover, Movant has made reasonable efforts to mitigate the harm and seek reimbursement.

    b. **Claims Administrator's Misconduct:** Despite Movant's diligent efforts to resolve this dispute through the established appeals process, she was met with inconsistent and contradictory responses from the claims administrator. This included an initial approval of her appeal followed by an unexplained denial and the false assertion that she had "no further recourse." Such conduct raises serious concerns about the fairness and integrity of the claims process.

    c. **Evidence of Prior Misconduct:** The denial overlooks Suffolk University's history of misconduct, including this Court's prior acknowledgment and prosecution of student loan and wire fraud at the university. This pattern of behavior raises serious concerns about their commitment to complying with the settlement agreement and protecting student rights.

**Procedural Defects**

The defense argues that Movant lacks standing to bring this motion because she is not a named plaintiff. This argument is wholly without merit. Movant's Motion is not a separate lawsuit; it is a request for this Court to enforce the existing settlement agreement in *Megan Jackson, et al. v. Suffolk University*, Case No. 1:23-cv-10019, to which she is a class member. This Court has the inherent authority to oversee the implementation of its own settlement and ensure that all parties, including the claims administrator, adhere to its terms.

Moreover, the claims administrator's own conduct necessitated Movant's request for judicial intervention. Specifically, the claims administrator has violated the following provisions of the settlement agreement:

- **Section 4(A)(ii):** This section defines "extraordinary expenses" and clearly encompasses Movant's claims for credit harm, loan rejections, and legal fees, all of which directly stem from Suffolk University's fraudulent actions and were exacerbated by the data breach. The claims administrator's denial of these claims constitutes a direct violation of this provision.
- **Failure to Provide Timely Response to Appeals:** The claims administrator failed to respond to Movant's inquiries and appeals in a timely manner, hindering her ability to navigate the claims process and obtain the information necessary to pursue her claim effectively. This lack of responsiveness violates the spirit of the settlement notice, which encourages claimants to contact the administrator for assistance (Question 23).
- **Lack of Transparency and Clarity in Communication:** The claims administrator provided Movant with misleading information regarding the approval of her appeal and the availability of further recourse. This lack of transparency violates the settlement notice's emphasis on ensuring claimants understand their options and rights (end of Question 7).
- **Failure to Adhere to the Appeals Process:** The claims administrator denied Movant's appeal without providing a clear explanation or justification, and falsely asserted that she had "no further recourse." This denial of a fair appeals process violates the spirit of the settlement notice, which allows for objections to the settlement (Question 15).
- **Bad Faith in Administering the Settlement:** The claims administrator's actions, including the misinterpretation of settlement terms and the denial of a fair appeals process, demonstrate a lack of good faith in administering the settlement. This behavior contradicts the stated intent of the settlement to be fair, reasonable, and adequate (Question 4).

Furthermore, Suffolk University's actions, as acknowledged in the settlement agreement, violated the following state and federal laws designed to protect student data:
- 610 CMR 10.00
- 201 CMR 17.00
- The Protecting Student Digital Privacy Act of 2016
- Student Record Disclosure Requirements

The claims administrator's failure to properly administer the settlement and Suffolk University's underlying violations of these laws necessitate the Court's intervention to protect the rights of Movant and other class members. Despite Movant's diligent efforts to resolve this dispute through the established appeals process, she was met with inconsistent and contradictory responses, culminating in Ms. Montague's explicit statement that there was "no further recourse" available. This obstruction left Movant with no alternative but to seek the Court's assistance in enforcing the settlement agreement and obtaining the compensation she is rightfully owed. Without the Court's intervention, there is no guarantee that the claims administrator will cease their unfair practices, potentially jeopardizing the rights of other class members.

**Request for Relief**
WHEREFORE, PREMISES CONSIDERED, Movant Priscilla Williams respectfully requests that this Honorable

Court grant the following relief:

1. Provide a detailed explanation of the reasons for the denial of the Motion to Enforce Settlement, including the specific grounds for the decision and any procedural deficiencies identified.

2. Clarify the settlement agreement terms for extraordinary losses, specifically Section 4(A)(ii), and order the claims administrator to properly interpret and apply these terms.

3. Grant Movant's request to be added as a named party for the limited purpose of enforcing the settlement agreement and ensuring compliance with the Court's prior orders.

4. Reconsider the denial of the Motion to Enforce Settlement, taking into account Movant's arguments and evidence demonstrating exhaustion of remedies, misrepresentation by the claims administrator, and the need for the Court to ensure the fair administration of the settlement.

5. Issue a declaratory judgment recognizing Movant as a victim of identity theft and fraud, and provide a certified statement that her personal information was breached, negligently misused, and sold to cybersecurity criminals.

6. Order the defendants to comply with the terms of the settlement agreement, including the payment of the full amount of extraordinary losses claimed.

7. Grant any other relief the Court deems just and equitable.

**Conclusion**

Movant seeks clarification and reconsideration to ensure proper compliance with the Court's Order, determine the appropriate course of action, and protect her rights under the settlement agreement. The lack of specificity in the denial hinders Movant's ability to understand the basis of the decision and pursue further action. The Court's intervention is necessary to ensure fairness and transparency in the settlement process and to prevent the defendants from unjustly enriching themselves by denying valid claims.

Respectfully submitted,

/s/ Priscilla A Williams
Priscilla A Williams
131 Seaport Blvd, Apt. 1006
Boston, MA 02210
Priscillaw4@gmail.com

Date: November 14, 2024