# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAN JACKSON and SUSANNAH SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUFFOLK UNIVERSITY,<br><br>Defendant. | Case No. 1:23-CV-10019<br><br>**Honorable Judge Denise J. Casper** |

# JOINT MOTION FOR *CY PRES* DISTRIBUTION OF SETTLEMENT FUND

Plaintiffs Megan Jackson and Susannah Smith ("Plaintiffs") and Defendant Suffolk University ("Suffolk" or "Defendant") (together, the "Parties") respectfully request that the Court approve the Parties' selection of the National Cybersecurity Society ("NCSS") as *cy pres* recipient of the remaining residual undistributed settlement funds. Submitted concurrently herewith is the Declaration of Nicholas A. Colella in support of the Joint Motion (the "Colella Decl."), providing detail regarding the final accounting and disbursement of the settlement funds.

On June 18, 2024, the Court gave final approval to the Settlement Agreement ("SA" or the "Agreement," ECF No. 37-1). ECF No. 49. Pursuant to the Agreement, Suffolk agreed to pay Compensation Claims not to exceed an aggregate of $1,250,000. SA ¶¶ 4, 6. On August 22, 2024, the Court-appointed Settlement Administrator, RG/2 Claims Administration LLC ("RG/2") distributed payment for the Compensation Claims to the Claimants. Colella Decl. ¶ 2.

Pursuant to Paragraph 9(c) of the Agreement, Claimants had 120 days to cash their checks. All Residual Funds from uncashed checks are to go to a *cy pres* recipient agreed upon by the Parties and approved by the Court. SA ¶ 11. The 120-day check cashing period expired on December 20, 2024. Colella Decl. ¶ 3. There is currently $1,565 in Residual Funds ready to be disbursed to a *cy pres*. Colella Decl. ¶ 4. The Parties now move for distribution of those Residual Funds to NCSS as the *cy pres* recipient.

NCSS is a nonprofit organization dedicated to cybersecurity education, awareness, and advocacy to small businesses.[1] "The NCSS provides cybersecurity education tailored to the needs of the small business owner; helps small businesses assess their cybersecurity risk; distributes threat information to business owners so that they will be more knowledgeable about the threats facing their business; and provides advice on the type of services needed to stay safe online." *Id*.

---

[1] *Who We Are*, https://nationalcybersecuritysociety.org/who-we-are/.

Given that the security of PII stored in Suffolk University's computer systems is central to the allegations of this case, a *cy pres* distribution to NCSS will further address the issues underlying this litigation and protect the interests of class members. NCSS is thus a worthy *cy pres* recipient under the terms of the Agreement.

For the reasons set forth above, the Parties respectfully request that this Court enter an Order approving NCSS as *cy pres* beneficiary. A proposed Order is attached.

Dated: June 3, 2025                                          Respectfully submitted,

*/s/ Nicholas A. Colella*
Nicholas Colella
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel.: (412) 322-9243
nickc@lcllp.com

Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Tel: (215) 789-4462
klaukaitis@laukaitislaw.com

*Counsel for Plaintiffs and the Class*

*/s/ Christopher G. Dean*
Christopher G. Dean
**MCDONALD HOPKINS LLC**
600 Superior Avenue
Suite 2100
Cleveland, OH 44114
Tel: (216) 430-2045
cdean@mcdonaldhopkins.com

*Counsel for Defendant*

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 3, 2025, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Nicholas A. Colella*
Nicholas A. Colella